IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Lisa Craig,<br><br>        Plaintiff,<br>   v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>        Defendant. | NO. C 08-01968 JW<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; REMANDING CASE FOR FURTHER CONSIDERATION** |

## **I. INTRODUCTION**

Lisa Craig ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying her disability benefits. Presently before the Court are the parties' Cross-Motions for Summary Judgment.[1] The matter was submitted on the papers without oral argument. See Civ. L.R. 16-5. Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Summary Judgment and DENIES Defendant's Cross-Motion for Summary Judgment.

## **II. BACKGROUND**

Plaintiff is a forty-year-old individual with a background as a financial administrator, office manager and bookkeeper. (Transcript at 82, 341, hereafter, "TR.") On April 15, 2005, Plaintiff

---

[1] Plaintiff's Motion for Summary Judgment or Remand, hereafter, "Motion," Docket Item No. 11; Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, hereafter, "Cross-Motion," Docket Item No. 14.)

filed a Title XVI application for supplemental security income, based on disability Plaintiff claimed began on August 14, 2004. (TR at 19.) In her initial application, Plaintiff complained of gastrointestinal and mood disorders. (TR at 43-44.) On June 21, 2005, Plaintiff's claim was initially denied, and on December 15, 2005, it was denied a second time on rehearing. (Id.) On January 10, 2006, Plaintiff filed a written request for rehearing, and Plaintiff appeared for a hearing on March 2, 2007. (Id.)

At the March 2, 2007 hearing, Plaintiff testified as follows:

> In August 2004, Plaintiff had surgery for a hiatal hernia. (TR at 342.) Following the surgery, she began complaining of stomach problems, which included severe pain, bloating, diarrhea, and cramping. (TR at 342-43.) These problems manifested themselves after eating, and generally lasted for three to four hours every time Plaintiff ate. (TR at 344-45.) Plaintiff lost over fifty pounds as a result of these problems. (TR at 345.) Plaintiff also suffered incontinence and became unable to engage in recreational activities. (TR at 348.) After a battery of medical testing, doctors determined that Plaintiff had suffered permanent nerve damage in her stomach, which prevents her stomach from expanding. (TR at 347.)

After considering Plaintiff's testimony and the evidence of Plaintiff's medical condition in the record, the Administrative Law Judge ("ALJ") found that Plaintiff was disabled within the meaning of the Social Security Act from August 14, 2004 through September 14, 2005. (TR at 19.) In particular, the ALJ found the following with respect to Plaintiff's disability during the disability period: Plaintiff was limited to standing or walking no more than two hours in an eight-hour workday, and overall suffered severe limits on her range of physical mobility. (TR at 23.) Plaintiff required the opportunity to take unscheduled breaks totaling more than two hours throughout an eight-hour workday, resulting from chronic abdominal pain and diarrhea. (Id.) During the period of disability, Plaintiff was unable to perform past relevant work and was unable to performing work at any exertional level on a regular and continuous basis. (TR at 24-25.)

The ALJ determined, however, that as of September 15, 2005, Plaintiff's medical condition had undergone significant improvement relative to her ability to engage in gainful employment. (TR at 26.) The ALJ cited several pieces of medical evidence in support of his conclusion, including a report from Plaintiff's treating gastroenterologist, examination notes from Plaintiff's primary care

physician, and the results of a consultative examination of a board-certified internist, as well as the results of various diagnostic tests. (TR at 26-27.) As a result of Plaintiff's purported improvement as of September 15, 2005, the ALJ found that Plaintiff no longer needed to take breaks of two or more hours during an eight-hour workday, and could resume gainful employment in her prior relevant areas of experience. (TR at 27-30.) In making this determination, the ALJ gave the greatest weight to the medical opinion evidence of Dr. Mahawar, the board-certified internist, and Dr. Acenas, the examining psychiatrist, because those opinions were "mutually supporting and well supported by the evidence in the case record as a whole as they apply to the period beginning September 15, 2005." (TR at 29.) At the same time, the ALJ discounted the contrary opinion of Dr. Hutchinson, Plaintiff's treating physician, on the grounds that Dr. Hutchinson's opinion was "inconsistent with his own treatment notes" and "less well supported by the evidence in the case record." (Id.)

Presently before the Court are the parties' Cross-Motions for Summary Judgment.

## **III. STANDARDS**

To be eligible for benefits under Title XVI of the Social Security Act, the claimant must be disabled. The claimant bears the burden of proving disability within the meaning of the Social Security Act. Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (internal citations omitted); see also 42 U.S.C. § 1382(c)(3). A claimant is "disabled" for purposes of receiving Social Security benefits if she is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

There is a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920. If at any step, the Social Security Administration makes a determination of disability or non-disability, the evaluation process terminates. 20 C.F.R. § 416.920(a)(4). First, the evaluator considers the claimant's current work activity and makes a determination of non-disability if she is performing "substantial gainful activity." Second, the evaluator determines whether the claimant

1 has suffered from a severe, medically determinable impairment for at least twelve months and makes
2 a determination of non-disability if she has not. Third, the evaluator assesses whether the claimant's
3 condition meets or equals any impairments on the Social Security Administration's list of predefined
4 qualifying impairments, and makes a determination of disability if it does.[2] Fourth, the evaluator
5 determines whether the claimant can perform her past relevant work and makes a determination of
6 non-disability if she can. Fifth, the evaluator considers whether the claimant can move to alternative
7 work; the evaluator makes a determination of disability if she cannot, and a determination of non-
8 disability if she can.[3] Id.; see also Barnhart v. Thomas, 540 U.S. 20 (2003).

A district court overturns an ALJ's determination of non-disability only if it is unsupported by substantial evidence or based on legal error. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence "means more than a mere scintilla, but less than a preponderance;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal citations and quotation marks omitted.) The reviewing court considers the record as a whole, not merely the evidence lending support to the ALJ's findings. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). The court cannot substitute its own conclusion for the ALJ's if there is sufficient evidence to support the ALJ's outcome. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Questions of credibility and resolution of conflicts in the testimony are solely determinations to be made by the ALJ. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

## IV. DISCUSSION

Plaintiff moves for summary judgment or remand on the grounds that (1) the ALJ failed to cite to any evidence of Plaintiff's medical improvement after September 14, 2005, to justify a denial

---

[2] Between the third and fourth steps of the disability determination, the evaluator assesses the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4). RFC is determined based on medical and other evidence in the claimant's record and is used during the final two steps to determine whether the claimant is able to do her relevant previous work or other work. 20 C.F.R. § 416.920(e).

[3] Additionally, during the fifth step, the evaluator considers the "vocational factors" of age, education, and past work experience to determine whether the claimant can transition to other work. 20 C.F.R. § 416.920(f).

4

of benefits after that date; (2) the ALJ failed to adequately provide a basis for rejecting the opinions of Plaintiff's treating physician; and (3) the ALJ failed to consider Plaintiff's reactive depression and anxiety. (Motion at 8-13.) Defendant contends that all of the ALJ's findings were appropriately supported by substantial evidence and that the denial of benefits should be affirmed. (Cross-Motion at 3-7.) The Court considers each of Plaintiff's contentions in turn.

**A.** **Evidence of Plaintiff's Medical Improvement After September 14, 2005**

Plaintiff contends that the ALJ's determination of medical improvement after September 14, 2005 was not supported by substantial evidence. (Motion at 9.)

In evaluating a disabled claimant's continued eligibility for benefits, the ALJ "must consider whether 'there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work.'" Johnson v. Apfel, 191 F.3d 770, 771 (7th Cir. 1999) (quoting 20 C.F.R. § 404.1594). The government must establish "that [the claimant is] currently able to engage in substantial gainful activity before [the government] can find that [the claimant is] no longer disabled." 20 C.F.R. § 404.1594.

Furthermore, "medical improvement" is defined as:

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. . . . A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [claimant's] impairment(s).

20 C.F.R. § 416.994a(c). "The key question" when determining whether a claimant has undergone medical improvement "is not whether the claimant still suffered from the same medical problem he had when benefits were awarded, but whether the severity of the problem had decreased sufficiently to enable him to engage in gainful activity." Warre v. Comm'r of the Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

In this case, the ALJ stated that "the medical evidence indicates that [Plaintiff's] condition had improved significantly by September 15, 2005." (TR at 26.) First, the ALJ cited an examination conducted by Dr. Linda Nguyen on September 14, 2005. Following that examination,

5

Dr. Nguyen reported that Plaintiff's diarrhea was under control with medication. (TR at 228.) Second, the ALJ relied on a January 27, 2006 examination of Plaintiff's treating physician, Dr. James Hutchinson, after which Dr. Hutchinson noted that Plaintiff did not have abdominal tenderness. (TR at 311.) Third, the ALJ referenced "diagnostic tests performed after September 15, 2005 [that] were repeatedly essentially normal or only minimally abnormal." (TR at 230-46.) Finally, the ALJ included a discussion of Plaintiff's examination by Dr. Suresh Mahawar on October 6, 2005, after which Dr. Mahawar indicated that Plaintiff had undergone a number of signs of medical improvement. (TR at 296-304.)

Upon review of the rationale given for the ALJ's conclusion that Plaintiff was not disabled after September 14, 2005, the Court finds that the ALJ inappropriately relied on or interpreted several relevant pieces of evidence. First, the "normal or only minimally abnormal" test results cited by the ALJ all occurred prior to September 15, 2005, *during* the period Plaintiff was deemed disabled. The ALJ, however, stated that they took place after this date. (TR at 26 (citing Exhibit 7F).) Since this testing did not undermine a finding of disability before September 15, 2005, it is not clear why it speaks to Plaintiff's purported medical improvement after this time.

Second, the ALJ relied on the examination of Dr. Mahawar, which the ALJ stated took place on October 6, 2005, three weeks after the ALJ's termination of Plaintiff's disability status. This exam, however, actually took place on October 6, 2006, more than a year after the ALJ found that Plaintiff was no longer disabled. (See TR at 296-304.) At the very least, this raises questions about Plaintiff's disability status during the period from September 15, 2005 to October 6, 2006.

Third, the ALJ cited treatment notes from Dr. Linda Nguyen, who stated that Plaintiff's diarrhea was under control with medication, as of September 14, 2005. At the same time, however, Dr. Nguyen discussed various abnormal test results, and the physiological basis for those results. (See TR at 228.) Dr. Nguyen did not discuss, however, any of Plaintiff's other symptoms, such as

cramping and abdominal pain, which had contributed to her disability.[4] Taken together with several misstatements in the record, and divorced from the complex nature of Plaintiff's symptoms, it is not clear why a reduction in the frequency of Plaintiff's diarrhea indicated that Plaintiff had undergone sufficient medical improvement so as to resume gainful employment. Although Defendant contends that "[b]ecause Plaintiff's diarrhea symptoms were controlled . . . and no longer impacted her weight, the ALJ reasonably surmised that Plaintiff experienced medical improvement," the Court is not satisfied that this evidence leads to anything more than an inference of symptomatic improvement. (Cross-Motion at 4.) That is, Plaintiff's symptoms could have improved in some respects without Plaintiff having concurrently undergone "medical improvement" within the meaning of the Social Security regulations. The ALJ did not take the next step and connect the improvement of Plaintiff's diarrhea symptoms with a renewed ability to engage in gainful employment activity.

The Court next turns to whether the ALJ inappropriately discounted the opinion of Plaintiff's treating physician.

## B. Plaintiff's Treating Physician

Plaintiff contends that the ALJ erred in giving reduced weight to the opinion of Dr. James Hutchinson, Plaintiff's treating physician. (Motion at 10.)

The opinion of a treating doctor is afforded more weight than the opinion of a doctor who has not treated the claimant. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); 20 C.F.R. § 416.927(d)(2). Where the treating doctor's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Id. However, where there is conflicting medical evidence, the ALJ must determine credibility and resolve the

---

[4] Notably, after the ALJ issued his decision, Dr. Nguyen wrote a letter on behalf of Plaintiff, in which Dr. Nguyen stated that her September 14, 2005 letter "in no way should be an indication that [Plaintiff] would be able to return to full-time work on that date especially since on November 9, 2005 she was having ongoing symptoms." (TR at 336.) Although Dr. Nguyen's statement was not before the ALJ at the time of his decision, the statement does suggest that the ALJ may have overvalued the weight of once piece of symptom-related evidence in making his determination.

7

conflict. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). Although the treating physician's opinion receives deference, the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ must provide his own interpretations and explain why he is crediting the examining physician's opinions and discrediting the treating physician's opinions. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

In this case, the ALJ gave "little weight" to the opinion of Dr. Hutchinson, as it applied to the period beginning September 15, 2005. (TR at 29.) As the basis for this conclusion, the ALJ stated that Dr. Hutchinson's treatment notes, which revealed improvement in Plaintiff's abdominal tenderness, were inconsistent with his opinion relating to the severity of Plaintiff's condition, and that Dr. Hutchinson's opinion for the period beginning September 15, 2005 was based only on Plaintiff's "subjective complaints [which were] not entirely credible." (Id.) The ALJ found that Dr. Hutchinson's opinion was less well supported by evidence than that of Dr. Mahawar, who had "specialized expertise in evaluating the effect of medically determinable impairments on an individual's ability to perform and sustain work activity." (Id.)

The Court finds that the ALJ's discussion of Dr. Hutchinson failed to cite to specific pieces of evidence to discredit Dr. Hutchinson. Although the ALJ correctly observed that, following January and April 2006 examinations of Plaintiff, Dr. Hutchinson noted that Plaintiff had "no tenderness," the ALJ did not give examples of why these two treatment note undermined Dr. Hutchinson's overall conclusions relating to Plaintiff's complex medical condition. (See TR at 309-11.) Instead, the ALJ generally explained that Dr. Hutchinson relied on Plaintiff's non-credible subjective complaints, and that Dr. Hutchinson possessed fewer relevant professional qualifications than the examining physician, Dr. Mahawar. (TR at 29.)

The record, however, is replete with Dr. Hutchinson's treatment notes, which expressed "doubt that [Plaintiff] will ever improve such as to engage in gainful employment." (TR at 249.)

Indeed, Dr. Hutchinson made this particular statement on September 18, 2005, during the period Plaintiff was no longer deemed disabled. The ALJ decision does not explain with specifics why this opinion should be discounted as based on subjective evidence or why its import should be greatly undermined by two cursory treatment notes made more than four months after the ALJ found that Plaintiff was no longer disabled. Nor does the decision explain in any detail why, as a family practitioner, Dr. Hutchinson's opinion should be accorded less weight than that of a specialist. That is, there is no discussion of Dr. Hutchinson's relevant experience in dealing with the types of issues associated with Plaintiff's condition and no consideration given to the extensiveness of Dr. Hutchinson's history in providing treatment to Plaintiff. Although the ALJ does discuss the merits of Dr. Mahawar's relevant qualifications, he does not clearly articulate why Dr. Hutchinson was less able to provide a reliable medical opinion with respect to Plaintiff's particular condition.

Accordingly, the Court finds that the ALJ has not sufficiently set forth specific reasons for discrediting Dr. Hutchinson based on substantial evidence in the record.

**C.     Reactive Depression and Anxiety**

Plaintiff contends that the ALJ entirely failed to consider evidence of Plaintiff's reactive depression and anxiety. (Motion at 11.)

The ALJ "need not discuss all evidence presented" to him. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Instead, he "must explain why significant probative evidence has been rejected." Id. (quoting Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981)).

In this case, the ALJ did not discuss Plaintiff's psychological condition, even though Plaintiff had presented some evidence of depression and anxiety to the ALJ. (See, e.g., TR at 249A, 288.) It is not clear, however, that this evidence was sufficiently probative to require express consideration by the ALJ. The gravamen of Plaintiff's disability, as presented to the ALJ, was the gastrointestinal nerve damage and the severe symptomatic effects of that nerve damage. Although Plaintiff did present evidence that her physical maladies had given rise to psychological impairments, the ALJ was justified in focusing on Plaintiff's gastrointestinal condition, because it was this condition that

was at the heart of the disability inquiry. Since the ALJ was not presented with substantial evidence that Plaintiff's disability arose in any part out of the psychological ramifications of Plaintiff's physiological problems, the ALJ was not required to explain why he rejected the psychological evidence presented. The ALJ appropriately limited his discussion to addressing the most significant probative evidence relating to Plaintiff's physical condition.

In sum, the Court concludes that the ALJ's finding that Plaintiff's disability ended on September 14, 2005 was not based on substantial evidence. The primary reason for this conclusion is that the ALJ did not adequately connect pieces of evidence in the record to that particular date. Rather, the ALJ discussed testing evidence from the period prior to September 14, 2005, when Plaintiff was disabled, as well as evidence acquired well into 2006. Furthermore, the Court finds that the ALJ's discounting of Dr. Hutchinson's opinion was overly cursory and not sufficiently based on evidence in the record. Although a more detailed examination of the record may result in the same outcome, the ALJ must, at the very least, articulate a more specific evidentiary basis for his conclusion. To the extent the ALJ chooses a particular date for terminating Plaintiff's disability status, that date must be supported by substantial evidence.

Accordingly, the Court REMANDS this case to Defendant for further consideration of the date on which Plaintiff's disability terminated, if indeed a such a date can be found in the record.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's Motion for Summary Judgment, and REMANDS the case to the Commissioner for further consideration consistent with this Order. The Court DENIES Defendant's Cross-Motion for Summary Judgment.

This remand is pursuant to sentence four of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Accordingly, judgment shall be entered in favor of Plaintiff and against Defendant.

Dated: January 7, 2010

JAMES WARE
United States District Judge

10

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Shea Lita Bond shea.bond@ssa.gov
Terry LaPorte terry@terrylaporte.com

**Dated: January 7, 2010**                              **Richard W. Wieking, Clerk**

                                               **By:  /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**